Okay, we will proceed with Seattle Construction Appellant versus Washington First International Bank. And we have this case also set for 10 minutes per side. For appellant, we have Mark Clausen of Seattle. And for the appellee, we have Frederick Scheflin. Thank you. So, Mr. Clausen, Mr. Scheflin, welcome, and please proceed. If you want to make rebuttal arguments, sir, please stop short of your full 10 minutes. Thank you, Your Honor. I anticipate a minute for rebuttal. May it please the Court, this case is an appeal of a Chapter 11 bankruptcy action. It concerns a priority dispute between a general contractor and a lender over the proceeds of a failed condominium project that was the subject of the bankruptcy. The issue before the Court is how to construe the order confirming the bankruptcy plan in that bankruptcy action, and specifically a sentence in the order that reserved determination of priority disputes for a later time. The dispute arose because of the failure of the harbor landing condominium project in West Seattle. The developer was Seagulf Group, which became the debtor. Seacon, my client, and Seattle Construction Services was the contractor that built the harbor landing project. Well, this dispute arose because of an interesting sentence slipped in to an order signed by the Court, which the Court has now construed in a certain way. That's why this dispute arose, right? Well, there's no evidence that it was negotiated with the other parties. Indeed, there was no objection to the underlying plan except by the bank, and then that was supposedly being negotiated, and this sentence shows up in the order. That's what this dispute's about, isn't it? It's not about this other priority stuff. Well, that those circumstances concern the dispute over the priority that resulted from the failure of the project. Of course. But the thing is, the plan is perfectly clear about who has priority. There's no doubt about that. Unless this sentence in this particular provision upset what the plan plainly says, you're finished. And so the bankruptcy court and the BAP say it doesn't, and so what you're really trying to tell us is why it does. Correct? That's correct. All right. And, Your Honor, I'd like to address a couple of those points. First, about whether a bankruptcy counsel slipped something into the order. Well, it was, first of all, it is sort of like a consent order, isn't it? Yes, Your Honor, it is. It looks like it was drafted by some attorney and the judge signed what was presented to him, right? That's correct, Your Honor. Without any changes, but we have nothing in the record about, to use somebody's phrase, who slipped that phrase in or how it got slipped in, if it was indeed slipped in, and, you know, we don't have all the drafts and all that, but we just know it was there when it went to the judge. Well, Your Honor, I believe there is something in the record that goes to the process. But what we need to look at here is not just what was happening in the bankruptcy court, because that doesn't tell the whole story. Basically, your analysis requires you first to determine whether there is a conflict between the plan and the order confirming the plan, because if there's no conflict, the plan is enforced. If there is a conflict, then you have to do the order controls and you have to determine the language of the order. And to do that, because this is a consent order, you need to look to basic contract principles. Well, let's assume it – I mean, the key language that I made a note of was, or of priority as among claimants of the various classes, so that the order says it won't be determinative of priorities of lien claims, or of priority as among claimants of the various classes? That's true, Your Honor. So, I mean, one way to look at that is that it means any claimant from any class can challenge priority as against another class. But another way to look at it is that when it says among claimants of the various classes, it means priorities like within each class, not representative of one class versus another. If it's ambiguous, then don't we look to what the judge thinks? Well, because it's a consent order, we look to what the parties intended. If the judge had made a ruling and we could look at the oral ruling at the time, then we would look at what the judge intended. But because the judge just signed the order that was presented without dispute – Do we defer to the bankruptcy judge? Or is it because, as you say, a consent decree, you know, tantamount to a contract, we just de novo apply contract review to it? What's the standard of review? De novo, Your Honor. We've cited cases in our brief that you have de novo review of the order itself. You don't know this is an order of the bankruptcy judge and he's in effect interpreting his own order. That's correct, Your Honor. Those cases say that the plan is in effect a consent document, that the plan is a consent decree. And most courts don't agree with us, but we have said that in reviewing the plans, we do a de novo. Our cases that say that have not said that a separate bankruptcy order adopting the plan and containing additional provisions, that those additional things in the bankruptcy order itself are not to be reviewed as orders are reviewed. Your Honor, I found – Our cases do not say that, I believe. Your Honor, I believe that I was unable to find any case that said specifically that an order confirming a plan was subject to de novo review. But I believe if you analogize the cases – Well, you can analogize if you want, but you can analogize either way. I mean, here the bankruptcy judge is adopting a plan that the parties have clearly negotiated, and when the bankruptcy judge confirms that plan, he makes some separate orders. And he says what he thinks he was doing was one thing, and you're saying what he thinks he was doing is something else because you want to treat it like a plan. No, but what he thinks, though, is after the fact, but the order itself was also negotiated by the parties apparently. I mean, the judge clearly did not draft the order. That's correct, Your Honor. He drafted the plan. That's correct. So I don't know if it's a fiction to try to treat the order as something different from the plan. The whole thing was a package. It was – everybody agreed to it. There's no objection to anything, right? By the time of the hearing, that's correct, Your Honor. That would change to the submitted order by the judge. That's correct. I believe as to the whole order, but I am certain as to the language in question. Well, I looked at the order. You know, I mean, it's a photocopy in our record. It's on the stationery of some law firm, and there's no interlineation in there by the judge as to making any changes. I see nothing in the record saying, well, I want you to redraft paragraph 4 and bring it back to me. So it looks like he just signed what was – no, it's a consent decree. I believe so, Your Honor. And maybe not in the bankruptcy context, but in the context of other kinds of litigation, you know, antitrust, securities, wherever it is, a patent even, you know, consent judgments are treated as settlements. Contract principles are applied to consent decrees, I believe. Yes, Your Honor. We would agree with that. To look at the reason that there was not specific negotiation among the bankruptcy attorneys, you need to look at the circumstances surrounding the case at that time. This was proceeding in state court almost a year before the bankruptcy was filed. And the priority dispute started and began to be adjudicated in state court in February of 2002. That's when SECON brought the first priority motion. So the priority disputes were pending long before the bankruptcy plan was approved. In March of 2002, the owners of – two of the purchasers of the unit and Washington First essentially asked for relief so that they could remove all the priority disputes to bankruptcy court. Judge Steiner refused to do that and stated that the state court seemed to be handling the priority issues just fine. After that, the parties continued to proceed in state court with priority issues. And, in fact, Washington First International Bank, the Friday before the Monday of the confirmation hearing, moved Judge Hillier in state court to determine the priority of Washington First's lien and declare that it was superior to everyone else. You're down to about 47 seconds. Oh, okay. Thank you, Your Honor. Are there any other questions? Well, I want you to think about this for a rebuttal. One – I think one overarching concern against your position is that, in effect, you're saying this plan establishes no priorities. But what in the world is the purpose of adopting a reorganization plan unless everybody is going to get paid 100 percent on the dollar if it doesn't establish priorities? It doesn't make any sense. You can just think about that. And we'll add a little time, so when you do rebuttal, we'll give you two minutes. Okay. Thank you, Your Honor. I'd like to hear your thoughts along those lines. I'm sure Mr. Sheflin won't object. And if he needs an extra minute and a half, we'll give it to him, too. Thank you, Your Honor. I appreciate that. Mr. Sheflin, right? Yes, Fred Sheflin, and I am representing the appellee in this matter, Washington First International Bank. In addition to answering any questions that you might have, I would like to focus my comments on three points, the applicable standard of review, the language at issue in the appeal, and the procedures involved in confirmation of a plan in bankruptcy. First, regarding the standard of review, I want to correct what appears to me from listening to be a misconception. This is not a review of a confirmation order. The confirmation order, the plan was confirmed, the time for appealing that order expired. Then SECON came into court and asked the judge to interpret his confirmation order. That is the order. His interpretation of the confirmation order is what's on appeal here today, and that is certainly an order that he wrote himself. And that is the order that's being reviewed. Six federal circuits have determined that an order by a bankruptcy judge in which he interprets a confirmation order is subject to deferential review and an abuse of discretion standard, and we simply urge Your Honors to follow the other six circuits who have decided this issue. Now, turning to the language at issue. Getting back to that. Yes. The language that, at least in my query earlier, I thought was ambiguous. Is that written by the judge, or was that on a consent order? What's being appealed here is not that language. What's being appealed here is the judge's interpretation of that language in a later order. In a later order. The language itself was included in the confirmation order. Time for appeal ran. That was long past. And then SECON came to the court and said, we want you to interpret that. So when he applies that language in a later motion. He applies that language and interprets it, and that is his order that is on appeal here today. You're saying that the circuits are lined up that we should defer. The circuits are all lined up. There is not a single decision that says that it should be anything other than deferential review and an abuse of discretion. Does the Ninth Circuit have a precedent on that subject? The Ninth Circuit doesn't have a precedent. The bankruptcy appellate panel, in a footnote, referred to an unpublished decision of the Ninth Circuit in which the Ninth Circuit had made a comment. And that's why I did not cite that decision, because I know it's not precedential. Does your case standard fall on whether we review de novo or review for abuse of discretion? No, it does not. Whatever standard applies, I'm confident that my client ought to prevail on this matter. You don't have to decide that question, then, you're saying, aren't you? I don't think you have to decide that question. Because the language that SECON drafted provides, this order and plan shall not be determinative as to the priority of liens or of priority among claimants of the various classes. Now, both SECON and Washington First International Bank take the position that that language is not ambiguous and that it's absolutely clear. Of course, the problem is, and what brings us here this morning, is that our readings of that language are 180 degrees apart. There is one big difference, though, in the positions, and that is that five judges have unanimously agreed with the position of Washington First International Bank, whereas SECON stands alone in what I believe is a very strained reading of the language that it drafted. I understand that argument, and I know it's nice to stand here with four bankruptcy judges behind you, but we don't always give that much deference. I understand that, Your Honor. Even a big tassel of lower court opinions as we just try to figure out what the law is. I understand that, Your Honor, but I raise that issue for this reason. Even if Your Honors were to disagree with these other judges that have decided the issue, it would at the very least indicate that this language is susceptible to different interpretations which would indicate that there is at the very least an ambiguity. And if there is an ambiguity, then that ambiguity has to be construed against SECON because SECON was the drafter of this language. Now, is that pretty clear that SECON drafted this? Absolutely. There is no doubt. The record is absolutely clear on that. There is no question about that. SECON argues that by holding that the language only preserves priority between claimants within individual classes, that the bankruptcy court rendered the other part of the sentence, the part of the sentence that deals with the preservation of priority, leaves meaningless. But that is not true. This plan has five classes. Three of those classes have multiple members. Therefore, it makes perfect sense to read the language that it preserves priority among claimants within any or all of these three classes that have multiple claimants. On the other hand, the interpretation that is urged by SECON is completely absurd if, as SECON argues, it intended to preserve only an issue of priority between SECON and Washington First International Bank. How hard would it have been to draft language that said, the issue of priority between class one and class two is preserved for later determination in state court? That's not the language SECON drafted. Instead, SECON asks your honors to hold that the language, priority among claimants of the various classes, should be read to mean priority between SECON and Washington First International Bank. And the language simply cannot be read that way. If the court were to adopt SECON's reading, as your honor noted, that the language preserves priority among the various classes, it necessarily follows that it preserves the priority between all classes in the case. The result would mean an absolutely meaningless plan. The sentence also follows a sentence that talks about SECON's lawyers receiving all the money for its class and then disbursing it in due course. That's true. That's true. And if there was an intent or an understanding that the priority between SECON and Washington First International Bank was preserved, there would be some similar position that the money that would go to one or the other, depending upon how that was later determined, would also be held by somebody for disbursal. But that didn't happen. In fact, it's worth noting that all of Seagulf's assets have been sold and the proceeds have been distributed to Washington First International Bank at this time, and SECON never went to any court to seek a state pending appeal. So we really, in some senses, have a moot appeal here. Finally, let me just turn to the circumstances surrounding Seagulf's plan confirmation. And the reason that I want to discuss this point a little bit is that throughout its briefing, SECON has argued that the court should look at the circumstances and the conduct of the parties. First, as I'm sure your honors know, the entire bankruptcy process is designed to be an open forum. And there is full disclosure of everything that happens in a bankruptcy that might affect the interests of a party, and there is full opportunity for every party who's affected by something to object and be heard by the court. There are no secret agendas and there are no games of gotcha in the bankruptcy court. SECON was represented by seasoned bankruptcy counsel in this matter, and there's simply no excuse for the way that SECON approached the confirmation of the plan process. First of all, SECON voted in favor of confirmation of the plan in a forum which absolutely, without any question, provided for full priority of the bank's position. Second, SECON elected not to object to the plan. Now, SECON says, well, if our language hadn't been accepted, we would have objected. That cannot be true because the language they put in came in the day before confirmation. The objection deadline was 10 days before confirmation. So they couldn't have objected. That is just a fallacious argument. Third, SECON, by its own admission, was attempting to sneak language into the plan without disclosing to the court what it was doing and without disclosing to the other parties. What happened is that SECON was so interested in putting something in the plan that nobody would recognize, that it got too clever for its own good. It ended up inserting language that, in fact, says exactly what Judge Brandt says that it said instead of what SECON now says that it intended for it to say. And because of the way that it handled itself and conducted itself in this proceeding, SECON simply does not deserve to be freed from the trap of its own creation by this court. Even if SECON had acted in good faith, which it did not, it would not be proper for this court to rewrite the language to say what SECON now says it wishes it had said. But under the circumstances of this case, it would certainly not be appropriate for the court to rewrite that language. Washington First International Bank requests Your Honors to defer to the decision of Judge Brandt to hold that he did not abuse his discretion when he interpreted the plan that he had confirmed and the confirmation order that he had entered, and to uphold the decision of Judge Brandt. Thank you. Thank you, Mr. Sheffield. Okay, Mr. Klausen. Thank you, Your Honor. We'll get some rebuttal time here. I said we would give you two minutes, so could we put the clock on two minutes? There you go. Thank you, Your Honor. Your Honor, just to address the question that came up at the end of my argument, what does the plan mean if the priorities are reserved? The first thing you would need to do is, again, apply the contract principles for interpreting the plan, determine whether the language was clear. If you determine it's clear, then you enforce it as written. If it's not clear, then you look at the facts and circumstances surrounding the transaction. The citation to the ambiguity being construed against the drafter, I think both parties agree Washington law flies here, and Washington law, in the quick lock case that we cited in reply, says that is only done as a last resort. In other words, the only time you would apply that rule is if you have exhausted all of the other facts and circumstances surrounding the transaction and you cannot figure out what the language means. But, Your Honors, we think that the party's actions speak so loudly that the words themselves are less important when you look at the facts and circumstances. As I was mentioning in my presentation in chief, Washington First, the Friday before the Monday of the hearing, moved Judge Hillier to determine priority in state court. Now, there is no rational reason to do that if on the next business day you're having that determination made in bankruptcy court. Then, 11 days after the confirmation order was signed, Washington First International Bank renewed its motion for summary judgment before Judge Hillier, basically renoted it for a later date, and made no mention of the confirmation order, no mention of its rights under the plan. So what we have here is, again, the case proceeding on two tracks. And one track, as a result of Judge Steiner's decision, was to proceed. I'm sorry. I believe I'm out of time. You may finish your sentence. Your Honor, the staffs over there are the papers that Judge Hillier considered in the state court concerning priority. That is where the matter was determined on the merits. The bankruptcy court never addressed the priority agreement on the merits, and that determination should be allowed to be made. That's what the language reserving the priority disputes among claimants of the various classes was intended to allow. Thank you. That was the longest sentence I've ever heard. Were those semicolons between the- I was afraid somebody would- My inflection in saying sentence was properly interpreted to mean finish your thought. That's fine. Okay. We very much appreciate the visit from Learned, Counsel Learned in bankruptcy law. Seattle Construction v. Washington First International Bank is now submitted. We're going to take a 15-minute recess.
judges: Fernandez, Tashima, Gould